INTERSTATE COMMERCE COMMISSION v. CINCINNATI, H. & D. RY. CO. et al.

(Circuit Court, S. D. Ohio, W. D. November 22, 1905.)

No. 5,897.

1. COMMERCE—RATES—INTERSTATE COMMERCE COMMISSION—CLASSIFICATION—ORDERS—BURDEN OF PROOF.

Interstate Commerce Act Feb. 4, 1887, c. 104, § 14, 24 Stat. 384 [U. S. Comp. St. 1901, p. 3164] provides that whenever an investigation shall be made by the commission, it shall make a report in writing, which shall include the findings of facts on which the conclusions of the commission are based, together with its recommendation as to what reparation should be made by the carrier to any party found to have been injured, and that such findings shall thereafter be deemed prima facie evidence as to the facts found in all judicial proceedings. *Held*, that where the Interstate Commerce Commission found that a reclassification of laundry soap shipped in less than carloads was unjustifiable, the burden was on the railroad proceeded against; in a suit by the commission to restrain the enforcement of such reclassification, to show that the facts on which the commission acted were not as found.

2. CARRIERS — INTERSTATE TRANSPORTATION — CLASSIFICATION — CHANGE OF RATES.

Where common laundry soap in less than carload lots was assigned to the fourth class in the first classification made under the interstate commerce act, and was voluntarily maintained there by defendant railroad companies for more than 13 years, defendants were not justified in reclassifying such freight so that it would pay 20 per cent. less than third class rates, without changing the carload classification, on the mere claim that the prior classifications had been inadequate to pay the cost of carriage in less than carload lots, there having been no general reclassification which would proximately apportion the cost of the service equally among the different articles of traffic as between carloads and less than carload lots.

In Equity.

L. A. Shaver, William A. Glasgow, Jr., and Sherman T. McPherson, for petitioner.

Lawrence Maxwell, Jr., for Cincinnati, H. & D. Ry. Co. and P. C. C. & St. L. Ry. Co.

S. O. Bayless, for C. C. C. & St. L. Ry. Co. and New York Cent. & H. R. Ry.

Harmon, Colston, Goldsmith & Hoadley, for B. & O. Ry. Co. and B. & O. S. W. Ry. Co.

THOMPSON, District Judge. On February 24, 1900, the Proctor & Gamble Company, a corporation of New Jersey, engaged in the

manufacture and sale of soap and a continuous shipper of its soap over the railways of the defendants herein, by petition, complained to the Interstate Commerce Commission that the defendants herein, having adopted as the basis for fixing rates, a classification of property for shipment over their lines of railway, known as "Official Classification No. 20," wrongfully and in violation of the act of Congress to regulate commerce, placed common or laundry soap in carload lots, in the fifth class, instead of in the sixth class thereof, where it rightfully belonged; and in less than carload lots, in the third class, instead of in the fourth class thereof, where it rightfully belonged, and prayed for an order commanding the defendants herein—

"To cease and desist from refusing to carry common soap in carloads at sixth class rates, and from refusing to carry common soap in less than carload lots at fourth class rates."

Pending the hearing of the complaint the defendants reduced the classification of common soap in less than carload lots, to 20 per cent. less than third class, but not less than fourth class. Upon final submission, the Interstate Commerce Commission dismissed the complaint as to the classification of carloads, and sustained it as to less than carloads, of common or laundry soap, and ordered the defendants, in accordance with a report and opinion then filed—

"To cease and desist on or before the 15th day of June, 1903, from charging, demanding, collecting, or receiving for the transportation of common or laundry soap in less than carload quantities charges or rates per 100 lbs. equal to 20 per cent. less than the rates fixed by them for the transportation of articles designated as third class in the established freight classification called and known as the "Official Classification," which said 20 per cent. less than the third class rate for the transportation of common or laundry soap in less than carloads are found and determined in and by said report and opinion of the Commission to be in violation of the act to regulate commerce."

Afterwards, on the 20th day of July, 1904, this suit was brought by the Interstate Commerce Commission to enforce this order so made, which, it alleges, the defendants have wholly disregarded and set at naught, and have willfully and knowingly violated and disobeyed. And it further alleges that the action of the defendants in changing the classification of common or laundry soap was in violation of the act to regulate commerce; that the rates charged by the defendants since December 29, 1899, for the transportaton of common or laundry soap in less than carload quantities, are unreasonable and unjust; that said rates, based upon the classification of March 10, 1900, give undue and unreasonable preference or advantage to other descriptions of traffic, and subject common or laundry soap, in less than carload lots, to undue prejudice and disadvantage; that the classification complained of resulted in unlawful discrimination and prejudice against common or laundry soap in less than carload lots and against localities in "Official Classification" territory and against producers, shippers, dealers, and consumers. The defendants deny these allegations and say that the findings of fact upon which the order was based, were not justified by the evidence submitted to the Interstate Commerce Commission, but were contrary to the evidence.

Section 14 of the act to regulate commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 384 [U. S. Comp. St. 1901, p. 3164]) provides, among other things:

"That whenever an investigation shall be made by said Commission, it shall be its duty to make a report in writing in repect thereto, which shall include the findings of fact upon which the conclusions of the Commission are based, together with its recommendation as to what reparation, if any, should be made by the common carrier to any party or parties who may be found to have been injured; and such findings so made shall thereafter, in all judicial proceedings, be deemed prima facie evidence as to each and every fact found."

The burden of proof, therefore, rests upon the defendants to show that the facts are not as found by the Interstate Commerce Commission, and that the change of classification complained of, was not made in violation of the act to regulate commerce. At the hearing counsel for the defendants claimed (1) that the change of classification and increase of rates were justified by the cost of service in handling and carrying soap in less than carload lots; and (2) that the present classification maintains the same relative difference in rates between soap in carload lots and soap in less than carload lots, which obtained before the change was made.

1. Testimony taken since the commencement of this suit shows that the cost of service for handling and carrying freight in less than carload lots greatly exceeds the cost of handling and carrying it in carload lots, but it is not shown that as between the two the relative cost of handling and carrying ever increased, one way or the other, either before or since the new classification was made; and the evidence therefore, is not sufficient to rebut the presumption that the original classification of common or laundry soap was and is reasonable and just, arising from the voluntary maintenance thereof by the defendants for 13 years prior to the change complained of. During these 13 years, common or laundry soap in carload lots varied between the fifth and sixth classes; but in less than carload lots, never varied from the fourth class. Nor is the evidence sufficient to rebut the finding of the Commission that the new classification resulted in discriminations among shippers, through—"the application of a fixed percentage to varying and different rates."

2. The question presented is not one involving only the proper relation of soap in less than carload lots, to soap in carload lots, but also its proper relation to other articles in less than carload lots. Freight is carried either in carload lots, or in less than carload lots. This division of freight necessarily attends transportation by rail. Classification, within the meaning of the act to regulate commerce, relates to these divisions separately. The classification of soap in less than carload lots is not controlled by the classification of soap in carload lots, nor its reclassification by the maintenance of the relative difference in rates between the two; but, on the contrary, the classification and reclassification of soap in less than carload lots should be controlled by the relation it bears to other articles in less than carload lots,—that relation to be determined by the degree in which, in comparison with such other articles, its handling and carrying is, or may be, affected by

146 F.—36

the cost of service, competitive and commercial conditions, volume, density, distance, value, and risk of loss or damage. It is true that these elements must also be considered in determining the classification of articles in carload lots, but from a different standpoint. A given article of traffic may be more or less desirable when shipped in less than carload lots, than when shipped in carload lots. Bulk, weight, form, manner of packing, etc., may materially affect the classification of different articles to be carried in the same car, when they might have little or no weight in the classification of a single article to be carried in carload lots. A single car may carry many different articles and necessarily, the convenience, or inconvenience and the cost of handling and carrying, must be considered in fixing the rate which each should bear and in determining the class to which each should be assigned, but the elements of disadvantage attending the combination of different articles in one shipment are eliminated from shipments of each article separately, in carload lots, and it follows that rates and classification must be controlled by the character of the shipment; that shipments which include and combine different articles of traffic in less than carload lots, require rates and classification necessary to meet the convenience, inconvenience, and cost of handling and carriage incident to such combination, which do not attend the shipment of a single article in carloads lots. In other words, the classification of soap for carriage in less than carload lots should be based upon its relation to the other articles for carriage in less than carload lots, and not upon its relation to soap for carriage in carload lots. Common soap in less than carload lots was assigned to the fourth class in the first classification made under the act to regulate commerce, and remained there until the reclassification complained of, and did not follow the variations of soap in carload lots; and the replacing of soap in carloads in the fifth class did not justify the displacing of soap in less than carloads from the class in which it had been voluntarily maintained by the defendant for more than 13 years.

If it be claimed that prior classifications and rates have never been adequate to the cost of handling and carrying freight in less than carload lots, then there should be a general reclassification which would apportion the cost of service equally, or approximately so, among the different articles of traffic and between carload lots and less than carload lots thereof. The evidence not only fails to justify the change of classification complained of, but shows that the change resulted in unlawful discriminations between shippers.

A decree will be entered in favor of the complainant, as prayed.